UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO SLAPPEY,

      Plaintiff,

                                CASE NO. 07-CV-11185-DT
                                JUDGE GERALD E. ROSEN
                                MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

PATRICIA CARUSO,
DENNIS STRAUB,
BLAINE LAFLER and
STEVE RIVARD,

      Defendants.
_____/

# REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY/PERMANENT INJUNCTION (Doc. Ent. 27)

**I.**    **RECOMMENDATION:** The Court should deny plaintiff's motion for a temporary restraining order and a preliminary/permanent injunction. Doc. Ent. 27.

**II.**    **REPORT:**

This case's background is set forth in detail in my report and recommendation entered on this date on defendants' dispositive motion. For purposes of the instant motion for injunctive relief, it is sufficient to state that at the time plaintiff filed his complaint in March 2007, he was incarcerated at the St. Louis Correctional Facility (SLF) in St. Louis, Michigan. He sought to be "immediately and permanently [transferred]/removed from [SLF] until prison [officials] are able to provide Plaintiff water and food that is free of toxic/bacteria contaminants." Doc. Ent. 1 at 6 ¶ 12; Doc. Ent. 1 at 15 ¶ 52. Plaintiff also requested that "all [inmates] who ha[ve] been denied to be tested by (SLF) health care [officials] for H-pylori; "<u>NOW</u>" be tested and any other prisoner

that resided here for one year or more be tested through Health Care [requests] with symptoms associated with H-pylori." Doc. Ent. 1 at 6 ¶ 13; Doc. Ent. 1 at 15 ¶ 53B. *See also* Doc. Ent. 25 at 9 ¶ B.

On August 3, 2007, plaintiff filed a Fed. R. Civ. P. 65 motion for a temporary restraining order and a preliminary/permanent injunction. Doc. Ent. 27. Plaintiff requests that the Court grant his motion for an immediate TRO and order defendants to transfer him immediately. Doc. Ent. 27 at 10. Alternatively, plaintiff argues, the Court should immediately conduct a hearing. Doc. Ent. 27 at 11. On or about August 21, 2007, less than one month after his filed his motion for injunctive relief, plaintiff was transferred to Lakeland Correctional Facility (LCF) in Coldwater, Michigan, where he is currently incarcerated. Doc. Ent. 32; www.michigan.gov/corrections, "Offender Search."

Fed. R. Civ. P. 65 governs injunctions and restraining orders. With respect to preliminary injunctions, it provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). It further provides that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2). With respect to temporary restraining orders, it provides that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified compliant clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

"The standard for the grant of a temporary restraining order and/or preliminary injunction consists of a consideration of the following four factors:

> 1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
>
> 2) Whether the plaintiffs have shown irreparable injury;
>
> 3) Whether the issuance of a preliminary injunction would cause substantial harm to others; and
>
> 4) Whether the public interest would be served by issuing a preliminary injunction."

*Southerland v. Fritz*, 955 F.Supp. 760, *761 (E. D. Mich. 1996) (Rosen, J.) (citing Fed R. Civ. P. 65 and *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir.1977)). "It is well settled that an appellate court reviews a trial court's issuance of a TRO, preliminary injunction, or a stay of such injunctive relief pending appeal, for an abuse of discretion." *Summit County Democratic Central and Executive Committee v. Blackwell*, 388 F.3d 547, 553 (6th Cir. 2004) (citing cases).

Plaintiff argues that (1) there is a likelihood of his success on the merits of his claim, Doc. Ent. 27 at 5-6; (2) the injunction will save him from irreparable injury, Doc. Ent. 27 at 6-7; (3) granting the injunction will not substantially harm others, Doc. Ent. 27 at 7-8; and (4) the public interest will be served by issuance of the injunction, Doc. Ent. 27 at 8-9. Specifically, he contends that defendants have failed to provide him with the basic human need of unpoisonous water, Doc. Ent. 27 at 6; "continued use on a daily basis [of this water] continues to [wreak] havoc upon [him,] shortening his life span, and general health, by leaps and bounds[,]" Doc. Ent. 27 at 6; he will suffer irreparable harm by continuing to ingest toxic/bacterial/contaminated water, Doc. Ent. 27 at 3 ¶ 3; and granting the requested injunctive relief - transfer to a facility

3

with clean water - "will surely not substantially harm anyone." He adds that his body needs uncontaminated water to heal. Doc. Ent. 27 at 7. He further claims that it is "always in the public's interest for prison officials to obey the law." Doc. Ent. 27 at 8.

Plaintiff also claims that:

> From February 21, 2006, to the present, [defendants] have had reasonable time to transfer plaintiff, but have made the conscience decision to continue to force [him] to consume toxic/ba[c]terial/contaminated water, which has already infected [him] with H-Pylori, and plaintiff continues to suffer adverse effects of this sickness/illness, for he is continually being forced to consume this poisonous water. There is no question either that plaintiff is suffering irreparable injury/harm, thus, showing [exigent circumstances] for justifying a temporary restraining order[.]

Doc. Ent. 27 at 10 ¶ 8. He claims he "has been made to suffer excruciating pain since February 21, 2006, at the hand of deliberately indifferen[t] MDOC officials." Doc. Ent. 27 at 10 ¶ 9.

He claims that contrary to defendants' assertions, "this poisonous water is in direct correlation to [his] illness/sickness, which has caused [him] to suffer irreparable injury/harm . . . to the present date." Doc. Ent. 27 at 12 ¶ 4. Plaintiff claims that defendants seem "to be deliberately refusing to transfer [him] out of spite, for filing this civil suit." Doc. Ent. 27 at 13 ¶ 5. He claims defendants "are aware that [he remains] in daily excruciating pain but still . . . refuse to transfer [him] to alleviate [his] pain and suffering." Doc. Ent. 27 at 13 ¶ 7.

Plaintiff relies upon *Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("It would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them."), claims that he was infected with H Pylori by the water, and contends that he need not continue to suffer irreparably or die before intervention is taken. Doc. Ent. 27 at 7-8. Nonetheless, in light of plaintiff's transfer from SLF and current incarceration at LCF, his request to be transferred from SLF is moot.

Of course, plaintiff's August 2007 transfer to another MDOC facility does not address plaintiff's request for permanent injunctive relief,[1] i.e., that he never be transferred back to SLF.[2] However, in light of plaintiff's transfer and my recommendation entered this date with respect to defendants' motion for summary judgment, the Court need not address the propriety of a permanent injunction at this time. If the Court disagrees with the companion report & recommendation, then it should permit plaintiff to renew this request if there is an imminent possibility that he will be transferred to SLF.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers*, AFL-CIO, 829

---

[1]With respect to a permanent injunction, plaintiff relies upon *Deja Vu of Nashville, Inc.v. Metropolitan Government of Nashville & Davidson County*, 466 F.3d 391, 394 (6th Cir. 2006), and *Hadix v. Caruso*, 465 F.Supp.2d at 797-798 (W. D. Mich. 2006). Doc. Ent. 27 at 8-9. "A district court normally must hold an evidentiary hearing prior to issuing a permanent injunction." *Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP*, 423 F.3d 539, 546 (6th Cir. 2005) (citing *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1174 (6th Cir.1995)).

[2]Plaintiff's earliest release date is August 5, 2015. *See* www.michigan.gov/corrections, "Offender Search."

F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 2/20/08

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 20, 2008.

s/Eddrey Butts
Case Manager